**FILED**
**Oct 30, 2023**
**09:08 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Ariel Taylor | ) Docket No. 2020-03-0716 |
| | ) |
| v. | ) State File No. 118242-2019 |
| | ) |
| Coca Cola Bottling Company, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) Heard October 5, 2023 |
| Compensation Claims | ) at Knoxville |
| Brian K. Addington, Judge | ) |

---

### Reversed and Remanded-- Corrected

---

In this interlocutory appeal, the employer asserts the trial court erred in concluding it failed to comply with a scheduling order and in excluding its vocational expert. The employee suffered a compensable injury to his back in 2019 and settled his initial claim for benefits. Thereafter, when his initial compensation period expired, the employee filed a petition for additional disability benefits. After a scheduling hearing, the trial court issued a scheduling order that included one deadline for the disclosure of expert witnesses and a later deadline for the identification of testifying witnesses. There was no deadline listed in the scheduling order for the exchange of expert reports. After the scheduling hearing, the employer's counsel e-mailed counsel for the employee to schedule a vocational evaluation with the employer's vocational expert, whom it identified in the e-mail. The employee attended the requested expert vocational evaluation, and the employer sent a copy of the expert's completed report after the deadline for the disclosure of expert witnesses but before the deadlines for expert depositions and the identification of testifying witnesses. The employee filed a motion to exclude the testimony of the vocational expert, and the court granted the motion, concluding that the employer had not complied with the scheduling order. The employer has appealed. Upon careful consideration of the record and arguments of counsel, we reverse the trial court's order excluding the employer's vocational expert and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Garett P. Franklyn, Knoxville, Tennessee, for the employer-appellant, Coca Cola Bottling Company

Andrea Stilgenbauer, Hendersonville, Tennessee, for the employee-appellee, Ariel Taylor

**Factual and Procedural Background**

On December 8, 2019, Ariel Taylor ("Employee") injured his back while working in the course and scope of his employment with Coca Cola Bottling Company ("Employer"). Employer accepted the claim as compensable, provided workers' compensation benefits and, in 2022, entered into an agreement with Employee to settle his initial claim for disability benefits, which was approved by the trial court. Following the expiration of Employee's initial benefit period, he filed a petition for additional disability benefits in October 2022. In support of his application for benefits, Employee obtained a signed physician certification form from the authorized treating physician, Dr. Patrick Bolt, and retained vocational rehabilitation expert Michael Galloway. Employee disclosed his expert to Employer and provided a copy of Mr. Galloway's report in September 2022, the month prior to the filing of his petition.

The court held a scheduling hearing on March 22, 2023, and it issued a scheduling order on April 4 setting forth certain deadlines, including the requirement that "parties shall disclose all expert witnesses on or before May 5." Other relevant deadlines included the completion of discovery and "proof depositions of fact and expert witnesses on or before June 5, 2023," and a deadline of July 6 for the identification of all witnesses "who may be called to testify at the Compensation Hearing, except for those called for impeachment or rebuttal purposes."

On March 22, the same day as the scheduling hearing, Employer sent an e-mail to Employee's counsel regarding Employee's availability for a vocational evaluation. The e-mail was sent as a "follow up" to previous correspondence sent on March 20 requesting Employee's availability for a deposition and inquired if Employee was "available either the 28th or 29th for a vocational evaluation with Ms. Michelle Weiss." Employee attended the vocational evaluation with Ms. Weiss on March 28, and Employer provided a copy of the expert report, dated May 5, 2023, to Employee via e-mail on May 15.

On June 29, Employee filed a motion to exclude Ms. Weiss from testifying at trial. In support of the motion, Employee contended that "it was clear that compliance with [the scheduling order] deadline required the production of expert witness reports and/or summary of opinions." Further, Employee asserted that Employer did not seek relief from the scheduling order at any time prior to filing his motion and, "[s]imilarly, no informal request was made to [Employee's] counsel for agreed upon relief from the scheduling order."

Employer filed a response in opposition to Employee's motion to exclude its expert's testimony. It argued that it had identified Ms. Weiss as an expert in March 2023, "well before May 5." Employer contends that a "plain reading" of the court's order "clearly

shows that the parties were only obligated to disclose any prospective testifying experts by May 5, 2023," and asserts the scheduling order made no reference to any obligation for the parties to exchange expert reports. Finally, Employer reasoned that even if the trial court found merit in Employee's argument, the proper remedy would be to exclude the report prepared by its expert rather than exclude her from testifying.

In considering the arguments of both parties, the court noted that both had participated in the scheduling hearing and agreed to the deadlines set out in the scheduling order. The court concluded Employer's argument that it disclosed its expert in March was "unsupported" because, although its e-mail included an intent to schedule a vocational evaluation with an expert it had identified, it did "not disclose that [Ms. Weiss] will be called as its expert witness." In addition, the court noted that Employer's e-mail correspondence was sent before Employee was evaluated and that, therefore, Employee could not have known whether Ms. Weiss would appear for trial or not. The court granted Employee's motion to exclude Ms. Weiss from testifying at trial after concluding that Employer failed to request an extension or file a motion requesting relief from the scheduling order to disclose its expert witness in a timely manner. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). As we have noted previously, a trial court "has the necessary discretion to control the pace of litigation through the use of case supervision and docket management." *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117, 2015-02-0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Moreover, a trial court's decision to grant or deny a discovery motion is reviewed under an abuse-of-discretion standard, *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004), meaning that, "before reversal the record must show that a judge 'applied an incorrect legal standard or reached a decision which is against logic or reasoning that caused an injustice to the party complaining,'" *Hubbard v. Sherman-Dixie Concrete Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v. Ferrell*, 277 S.W.3d 372, 378 (Tenn. 2009)). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

On appeal, Employer asserts the trial court abused its discretion by concluding it failed to comply with the court's scheduling order and by excluding its vocational expert from testifying at trial. Specifically, Employer argues it was in "strict compliance" with

the scheduling order as written because Employer identified and placed Employee on notice of its vocational expert via e-mail correspondence sent in March 2023, well before the disclosure deadline.

At oral argument, Employer emphasized that it had provided the name of potential expert witnesses who had "discoverable information" by the May 5 deadline but that Employee failed to avail himself of the discovery tools available under the Tennessee Rules of Civil Procedure, such as interrogatories or requests for production of documents, to obtain additional information or documentation after it disclosed the identity of its vocational expert. Employer further asserted that, when considered within the framework of the scheduling order as a whole, its actions were based on a "reasonable interpretation" of the plain language of the trial court's order. In support of this contention, Employer pointed out that the order specified that "parties shall disclose all expert witnesses on or before May 5, 2023," but did *not* specify that expert reports or summaries of expert opinions were to be provided by this deadline. Further, the May 5 deadline did not require that *testifying expert witnesses* be disclosed. Instead, the scheduling order contained a July 6, 2023 deadline for the parties to provide a list of witnesses "who may be called to testify," without any distinction between fact and expert witnesses. Finally, Employer argues that even if it did not comply with the scheduling order, its purported noncompliance did not warrant exclusion of its vocational expert, which it considers an "extreme" remedy in the circumstances of this case. Employer argues that, even with the alleged delay, Employee had sufficient time to take discovery or proof depositions by the June 5 deadline since its expert's report was sent to Employee on May 15.

Conversely, Employee asserts that a party is expected to comply with court orders and that Employer simply failed to "disclose" its expert witness by the deadline set forth in the scheduling order. In its brief on appeal, Employee argues that "[a]s part of the Court's scheduling hearing that day, it was clear that compliance with this deadline required the production of all expert witness reports and/or summary of opinions" by the May 5 disclosure deadline.[1] During oral argument, Employee asserted that scheduling an evaluation with an expert is different from disclosing an expert as a witness; furthermore, an e-mail asking to schedule a vocational evaluation is not sufficient to constitute a "disclosure" as contemplated by the scheduling order or the Tennessee Rules of Civil Procedure. Employee argued that a trial court speaks through its orders and a reasonable interpretation of "disclosure," as considered within the context of this scheduling order, includes providing the anticipated testimony or opinions of Employer's expert as they relate to that case.[2] In support of this position, Employee references the June deadline for

---

[1] During oral argument, Employee's counsel noted that the parties were unable to obtain a recording of the scheduling hearing due to technical issues, so they were unable to provide a transcript of that hearing. Employee's counsel at oral argument was not the same attorney who appeared at the scheduling hearing.

[2] During oral argument, Employee conceded that he was not requesting formal Rule 26 disclosures or a written report, but instead expected to receive a summary of Ms. Weiss's anticipated opinions.

expert depositions and argues that he could not be expected to take a deposition if he did not know what the expert was expected to say. Employee also asserts that Ms. Weiss could have been retained by Employer to serve as a consulting expert only. Finally, Employee argues that Employer's e-mail regarding scheduling Employee's evaluation occurred at a time when even Employer could not have known whether it would call Ms. Weiss to testify at trial. Thus, that e-mail should not be considered as having "disclosed" the expert.

Employee argues this case is similar to *Hutchins v. Cardinal Glass Industries, Inc.*, No. 2021-02-0572, 2023 TN Wrk. Comp. App. Bd. LEXIS 13 (Tenn. Workers' Comp. App. Bd. Mar. 23, 2023). In *Hutchins*, the employee alleged he injured his left knee while in the course and scope of his employment. *Id.* at *2. The employee received some authorized medical treatment before his claim was denied, after which he sought medical treatment on his own. *Id.* Upon reaching maximum medical improvement, the employee filed a request for a hearing, and the court issued a scheduling order establishing certain deadlines. *Id.* Subsequently, the employer filed a motion for summary judgment, asserting that the employee had identified no expert witnesses as required by the scheduling order and arguing that the employee's evidence of medical causation was insufficient, entitling it to a judgment as a matter of law. *Id.* at *3. The employee did not file a response to the employer's dispositive motion and instead filed a motion for continuance two days before the hearing. *Id.* The trial court denied the employee's motion for a continuance and granted the employer's motion for summary judgment. *Id.* at *3-4.

On appeal, the employee in *Hutchins* argued that the motion for summary judgment was filed prematurely in light of recent medical developments and requested that the order be vacated and revised in light of the doctor's most recent medical reports. *Id.* at *8. The employee also argued that there was no reason to identify his doctor as an expert witness because the employer had deposed the employee previously and was "fully aware" of the identity of his medical providers. *Id.* at *9. The employee also contended he was unable to comply with the terms of the scheduling order because of a revised and unconfirmed diagnosis by his provider. *Id.* We affirmed the trial court's order, noting as follows:

> In most cases, parties are aware of the identity of an injured worker's treating medical providers; yet, in a typical scheduling order, the parties are nevertheless required to disclose those persons, including medical providers, they intend to present as expert witnesses at trial. Parties and their attorneys often make strategic decisions regarding which experts they may use at trial, including some but excluding others. The purpose of the court's scheduling order is not merely to identify *potential* witnesses, but to put other parties on notice of expert testimony the party intends to present at trial. Furthermore, the course of a patient's treatment is often unpredictable, and physicians revise or amend diagnoses and recommended courses of treatment as merited by the circumstances of any given case. Yet, it was Employee who filed the request for a scheduling hearing, and it was Employee who indicated he had

5

been placed at maximum medical improvement and was ready to proceed to trial. In short, Employee did not comply with the terms of the trial court's order and did not seek to amend the scheduling order in a timely manner.

*Id.* at *9-10.

We conclude Employee's reliance on our opinion in *Hutchins* is misplaced. In *Hutchins*, the employer had filed a motion for summary judgment, and the employee not only failed to come forward with evidence creating a genuine issue of material fact, he also failed to identify any expert he intended to use among the various medical providers who had treated or evaluated the employee. Here, unlike in *Hutchins*, the employer did identify the person it intended to use as an expert prior to the disclosure deadline. Thus, the question we must consider here is a narrow one not addressed in *Hutchins*: whether the word "disclose" as used in the scheduling order is ambiguous and subject to more than one reasonable interpretation. In other words, did Employer's e-mail identifying its vocational expert comply with the plain language of the trial court's order, or did the word "disclose" necessarily require Employer to also provide a summary of the expert's anticipated testimony by the stated deadline? Based on the totality of the record, we conclude that the word "disclose" as used in this scheduling order was ambiguous, especially given that the court set later deadlines for discovery and depositions of witnesses and for the identification of "testifying" witnesses. Hence, we conclude Employer's March e-mail identifying its vocational expert complied with the May 5 deadline under these circumstances.

In the trial court's order, it noted that although Employer's e-mail suggested "an intent to schedule a vocational evaluation with Ms. Weiss, it [did] not disclose that she will be called as its expert witness." The court further noted that Employer did not provide Employee with the expert report until ten days after the May 5 deadline and that Employer did not request an extension of time or file a motion requesting relief from the court. However, the plain language of the scheduling order states, in relevant part, only that the "parties shall disclose all expert witnesses" on or before May 5, 2023. The order does not state that expert reports or a summary of expert opinions must be disclosed by that date, and it does not specify, define, or limit the parameters of such a disclosure. Moreover, the order does not reference or identify any rule of the Tennessee Rules of Civil Procedure to guide the parties' understanding of the terms of the scheduling order. Finally, the court set a later deadline for completing "discovery" and "proof depositions" of both lay and expert witnesses, and it set an even later deadline for the identification of witnesses expected to testify at trial. Here, Employer provided a copy of its expert's report before the "discovery" and deposition deadline.

In short, Employee was made aware of the identity of Employer's vocational expert well before the May 5 deadline, which complied with the plain language of the relevant provision of the scheduling order. Thus, based on the record as a whole and circumstances

6

of this case, we conclude it was an abuse of discretion for the court to exclude Employer's vocational expert under these circumstances.

## Conclusion

For the foregoing reasons, we reverse the trial court's order excluding Employer's vocational expert and remand the case for further proceedings consistent with this opinion. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Ariel Taylor | ) | Docket No.  2020-03-0716 |
| | ) | |
| v. | ) | State File No.  118242-2019 |
| | ) | |
| Coca Cola Bottling Company, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard October 5, 2023 |
| Compensation Claims | ) | at Knoxville |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of October, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Garett P. Franklyn | | | | X | gpfranklyn@mijs.com jrcordle@mijs.com |
| Andrea Stilgenbauer | | | | X | andrea@rockylawfirm.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov